# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **ERIC MATTHEW NEGRIN,**  *Plaintiff,*  v.  **CHIEF DEPUTY WILLIAM RAPE,** *et al.*,  *Defendants.* | **CIVIL ACTION NO.**  **5:21-cv-00161-TES-MSH** |

## ORDER

*Pro se* Plaintiff Eric Matthew Negrin, a previous detainee at the Houston County Detention Center in Perry, Georgia filed a 42 U.S.C. § 1983 complaint. [Doc. 1]. Plaintiff also filed a motion to proceed *in forma pauperis* for prisoners. [Doc. 2]. However, Plaintiff was subsequently released from the Houston County Detention Center. *See* [Doc. 3].

On May 12, 2021, Plaintiff was ordered to recast his complaint and to either submit a non-prisoner motion to proceed *in forma pauperis* or pay the full filing fee. [Doc. 5]. Plaintiff was given fourteen (14) days to respond and was informed that failure to comply would result in dismissal of his action. [*Id.*]. Plaintiff failed to respond.

Therefore, on June 8, 2021, the Court notified Plaintiff that it had not received a response and ordered him to show cause why his action should not be dismissed for failure to comply and diligently prosecute his claims. [Doc. 4]. The Court

unambiguously informed Plaintiff that his action would be dismissed if he failed to respond. [*Id*.]. Plaintiff was given fourteen (14) days to respond and he failed to do so.

Due to Plaintiff's failure to follow the Court's Orders and to prosecute this action, the case is hereby **DISMISSED WITHOUT PREJUDICE**. Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist*., 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 28th day of June, 2021.

S/Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**